UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

ALFRONZO COTTON, III,                    )
                                         )
          Petitioner,                    )          Civil Action No. 6: 07-98-DCR
                                         )
V.                                       )
                                         )
D.L. STINE, Warden,                      )          **MEMORANDUM OPINION**
                                         )              **AND ORDER**
          Respondent.                    )

**       **       **       **       **

Alfronzo Cotton, III, who is currently incarcerated in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He has paid the $5.00 filing fee. The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).[1]

<u>RESPONDENT AND CLAIMS</u>

The named Respondent is Donald Stine, the Warden of USP-McCreary. The Petitioner alleges that his sentence violates the Due Process Clause of the Fifth Amendment of the United

---

[1] This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

1

States Constitution.  Petitioner seeks 650 days of credit on his federal sentence for time served in state custody while awaiting trial on federal charges.  (The 650-day time period for which the Petitioner seeks federal credit is between July 9, 2002, and April 19, 2004.[2])

ALLEGATIONS OF THE PETITION

1.  Criminal History

The Petitioner sets forth the following chronology of events, which substantially coincide with the factual summaries prepared by the BOP during the administrative appeal process. The record indicates that, on December 28, 2001, the Petitioner was arrested and taken into custody by the State of Tennessee.  He was charged with being a felon in possession of a firearm, and with possession with intent to distribute cocaine base, cocaine and marijuana.  On December 29, 2001, he was released from custody on bail bond.  Soon thereafter (on February 12, 2002), the State of Tennessee took the Petitioner into custody on a bench warrant charging him with violating the terms of his state probation.  After this arrest, the Petitioner's bail bond from the December, 2001 charges was revoked.

On July 9, 2002, the Tennessee state court revoked the Petitioner's  probation and imposed an active prison sentence.  On October 9, 2002, a federal Grand Jury sitting in the Middle District of Tennessee, Nashville Division, returned a Four Count Indictment, charging the Petitioner with being a felon in possession of a firearm and with drug-related offenses.  *See United States v. Alfronzo Cotton*, 3: 02-CR-00170-1, (Chief Judge Todd J. Campbell, presiding). The Petitioner states that after he was indicted in federal court, the United States filed a detainer

---

[2]  This would be approximately twenty-one months.

against him.  He alleges that on November 13, 2002, the State of Tennessee dismissed its version of the firearm and drug charges.

On April 19, 2004, the Petitioner entered a guilty plea to the four-count federal indictment in the Middle District of Tennessee federal proceeding.  The Middle District of Tennessee imposed sentences of 92 months to run concurrently with each count and to run concurrently with the current state sentence.  [*See* M. D. Tenn Case No. 3:02-CR-170-1, Docket No. 79.]  On May 18, 2004, the Petitioner completed service of his Tennessee state sentence and was released to the custody of the Federal Bureau of Prisons ("BOP") to complete service of the remainder of his concurrent federal sentence.

## 2.  Administrative Exhaustion

The time period for which the Petitioner seeks credit started on July 9, 2002 [the date on which his state sentence began to run], and ended on April 19, 2004 [the date on which his federal sentence in the Middle District of Tennessee commenced].  The record indicates that the Petitioner has fully exhausted his BOP administrative remedies set forth in 28 C.F.R. § 542.13-15 (2007) [*See* Record No. 2,  p. 12; Record No. 4, pp. 2 and 5].

On February 14, 2007, Harrell Watts, Administrator of the National Inmate Appeals, denied the Petitioner's BP-11 appeal, which was the final administrative step required by BOP regulations.  Watts denied the Petitioner's request to receive credit on his federal sentence for the period of time between July 9, 2002 - April 19, 2004 (approximately twenty months), during which the Petitioner had been in state custody.  Watts determined that awarding the Petitioner with the credit requested would be giving him double credit for time which had already been

applied to his state sentence. Watts concluded that such a result would violate 18 U.S.C.

§3585(b).  He stated as follows:

> Even though your federal J&C orders your federal sentence to run concurrent with the state sentence you were already serving, a sentence cannot commence prior to the date of imposition.  Your federal sentence was imposed on April 19, 2004, and records reflect your sentence was calculated to begin on that date.  Thus, your federal sentence began running concurrent to your state sentence on the earliest date possible (April 19, 2004).

> Records reflect you were awarded a total of 149 days of jail credit. Specifically, you received credit from December 28, 2001 through December 29, 2001, as those days were not awarded toward any other sentence.  In addition pursuant to <u>Willis v. U.S.</u>, 438 F.2d 923 (5th Cir. 1971), you received credit from February 12, 2002 through July 8, 2002.

> In accordance with <u>Willis</u>, when non-federal and federal sentences are running concurrent, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.  Review of your computation reflects your non-federal sentence commenced on July 9, 2002. Although the Court recommended credit for time served beginning February 2, 2002, 18 U.S.C. 3585(b) prohibits the Bureau of Prisons from awarding additional credit.  Based on the above, your sentence has been calculated to run concurrent to your state sentence and all applicable jail credit has been awarded.

[*See* Watts response to BP-11, Record No. 2, Attachment No. 2, p. 2]

<u>DISCUSSION</u>

The BOP correctly concluded that the Petitioner is not entitled to additional credit toward

his federal sentence for the period of time between July 9, 2002, and April 19, 2004.

### 1. <u>Prohibition Against Dual Credit</u>

The statute at issue in this case is 18 U.S.C. §3585(b), provides as follows:

(b) *Credit for prior custody*. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1) as a result of the offense for which the sentence was imposed; or

4

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.   (Emphasis Added)

Under §3585(b), the Attorney General, through the BOP, is authorized to grant a prisoner credit for pre-sentence detention.  *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993).  However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence."  *Id.*

The Petitioner could not begin to accrue credit toward his federal sentence until it was imposed (which, in this case, was April 19, 2004).  As the BOP correctly notes, the general rule is that under §3585(a), a sentence to a term of imprisonment begins on the date the defendant is received into official custody.[3]

Under the doctrine established in *Willis v. United Sates*, 438 F.2d 923 (5th Cir. 1971), an adjustment can be made.  When non-federal and federal sentences are running concurrent to each other, an inmate may receive credit for any time spent in non-federal presentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.  According to USP-McCreary Warden Donald Stine, K. M. White (Regional Director for the BOP's Mid-Atlantic Region), and Harrell Watts of the BOP's National Inmate Appeals, the Petitioner received credit toward his federal sentence for the period of time he was

---

[3] *See* 18 U.S.C. §3585(a) **Commencement of sentence**.--

A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

in federal presentence custody (between February 12, 2002, and July 8, 2002) in accordance with *Willis*. *Id.*

In the February 9, 2007 denial of the BP-10 appeal, K. M. White explained why the Petitioner's federal sentence was credited with jail credit for this time period (February 12, 2002 – July 8, 2002) under the *Willis* doctrine. Here, as Warden Stine, K. M. White, and Harrell Watts all explained, the Petitioner's pre-sentence federal custody ended on July 9, 2002, the date on which he began serving his Tennessee *state* sentence. Petitioner received credit under *Willis* for the February 12, 2002, to July 8, 2002 time period, because it was the result of his federal and state sentences running concurrently and it was time spent in presentence custody. [*See* White BP-10 denial, Record No.4, p. 5] That characterization changed, however, on July 9, 2002, because the Petitioner was sentenced on his state court offense and began serving his state sentence on that date. [*Id.*] White noted that Petitioner's federal sentence did not commence to run until April 19, 2004: the date on which his federal sentence was imposed. [*Id.*]

As White correctly noted, "In no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed." [*Id.*][4]  Here, the Petitioner could not begin serving his federal sentence until the date on which it was imposed, at the earliest, which in Cotton's case was April 19, 2004. Cotton could not receive additional credit on his federal sentence for the subsequent July 9, 2002 to April 19, 2004 time period because that credit was applied to his state sentence. White concluded – as had Warden Stine on October 16, 2006 – that the Petitioner was not entitled to any credit on his federal sentence for time served between July

---

[4]  White noted that the prohibition against the award of double credit is in accordance with BOP Program Statement 5880.28, *Sentence Computation Manual*.

9, 2002, to April 19, 2004.  Harrell Watts' subsequent denial of the Petitioner's BP-11 appeal was based on the same fact-finding and legal rationale.

Under *Willis*, the Petitioner has been awarded all of the pre-sentence custody credit to which he is entitled.  Although the Petitioner's federal sentence was ordered to run concurrent with his state sentence, that does not equate into a finding that the Petitioner is entitled to double credit on both his state and federal sentences.  Because Petitioner Cotton received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his federal sentence.  *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).  If the Petitioner were credited for this time against his federal sentence, he would be receiving improper double credit.  *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505; *Garrett v. Snyder*, 41 Fed. Appx 756, **1 (6th Cir. (Ky.) June 25, 2002) (Not Selected for Publication in the Federal Reporter).

### 2.  Custody under Writ of *Habeas Corpus Ad Prosequendum*

The Petitioner's filings also establish that during the period of time between July 9, 2002 [the date on which his state sentence began to run after probation was revoked], and April 19, 1994 [the date on which the Petitioner's federal sentence was imposed and commenced to run concurrent to the state sentence], he was primarily in the State of Tennessee's custody.  For this reason, he cannot "double-dip" under §3585(b) and receive credit toward his federal sentence for this time period.  The Petitioner was credited with the  twenty-one month (650-day) period of time on his Tennessee state court sentence because he was in *primary* custody of the State of Tennessee for this time  period and was only secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*.  Because the Petitioner was only "borrowed" by federal

authorities while in their custody under writ of *habeas corpus ad prosequendum*, he remained in the primary custody of the Tennessee authorities. Thus, as the three BOP officials correctly concluded in this case, the Petitioner is not entitled to "double-dip" by receiving credit toward his federal sentence for this same amount of time.

Time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense. Thus, the time which the Petitioner spent in federal custody pursuant to this writ does not entitle him to credit on his current federal sentence. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished).

In *Huffman v. Perez*, Huffman alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating as follows:

> [t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Huffman* at 1359.

Because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359. *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. (Ky.) February 20, 2003) (not selected for publication in the Federal Reporter) ("Because

Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his current federal sentence. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.").

In *Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)), the Seventh Circuit concluded that Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, noting that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. The court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[5]

Given that the State of Tennessee awarded the Petitioner with credit for this time period, the Petitioner would not be entitled to receive this same credit toward his federal sentence. Awarding a prisoner with "double credit" for time served is prohibited by 18 U.S.C. §3585(b). To the extent that the Petitioner was serving his Tennessee state sentence during the twenty

---

[5] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

months at issue, that time would have been applied to his *state* sentence.  He was in the primary custody of that state entity.

<u>CONCLUSION</u>

The Petitioner is not entitled to a hearing as he has failed to state a claim upon which relief may be granted.  Accordingly, the petition will be dismissed with prejudice.  28 U.S.C. §1915(e)(2)(ii). Being sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The §2241 petition for habeas corpus [Record No. 2] is **DENIED**.

(2)     This action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court, and Judgment shall be entered consistent with this Memorandum  Opinion and Order in favor of the named Respondent.

This 20th day of April, 2007.



Signed By:
**_Danny C. Reeves_** DCR
**United States District Judge**

10