UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| ALFRONZO COTTON, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 07-98-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| D.L. STINE, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner Alfronzo Cotton ("Cotton") has filed a *pro se* request seeking a fee waiver for all documents related to his civil habeas case which was dismissed and Judgment entered in favor of the Respondent on April 20, 2007. [Record No. 11]  Cotton claims these documents were lost when he was transferred from the United States Penitentiary-McCreary in Pine Knot, Kentucky to the Federal Medical Center in Lexington, Kentucky.  [Record No. 10]

Under the Freedom of Information Act ("FOIA") "documents shall be furnished without charge or a reduced charge where the agency determines that waiver or reduction of the fee is in the public interest because furnishing the information can be considered as primarily benefitting the general public."  5 U.S.C. § 552(a)(4)(A).  An agency has the discretion to determine whether to waive fees under a FOIA request.  *Black v. Gen. Serv. Admin.*, 734 F.2d 13, *2–3 (6th Cir. 1984).  However, Congress has specifically rejected a fee waiver provision for indigents, and the D.C. Circuit has held that "where the requester seeks information

-1-

concerning himself only, [denial] of fee waivers will be upheld despite the requester's indigence." *Ely v. United States Postal Service*, 753 F.2d 163, 165 (D.C. Cir. 1985) (citations omitted); *See also* S. Rep. No. 1200, 93rd Cong., 2nd Sess. 8. Wavier of fees is tied to public benefit, and absent a showing of this, indigence alone is insufficient to require a fee waiver. *Ely*, 753 F.2d at 165.

In the present case, Cotton's contends that this Court should waive the fee for the subject documents because the original copies were lost when he was transferred to a new unit within the federal prison system. However, there is no indication that these documents are intended for public benefit, but rather appear to only benefit Cotton. Further, the time within which he might appeal the Court's decision has expired. Accordingly, it is hereby

**ORDERED** that Petitioner Alfronzo Cotton's request for fee waiver [Record No. 11] is **DENIED**.

This 14th day of November, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge